**BY ECF**

September 13, 2007

Honorable William H. Pauley
United States District Judge
U.S. District Court, SDNY
500 Pearl Street, Room 2210
New York, New York 10007

      Re:    Gjuraj v. Gonzales, 07 CV 7959
               Petition for Writ of Habeas Corpus

Dear Judge Pauley:

      I am writing in response to the Government's letter of September 11, 2007, filed in response to the Petition for Writ of Habeas Corpus filed in this matter. The Government argues that this Court lacks jurisdiction to issue a stay of removal in the instant matter. It is our position that the instant matter falls outside of the perimeters of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005) (the "REAL ID Act") and 8 U.S.C. §1252(g), and the Court does in fact retain jurisdiction to issue an emergency stay of deportation while his Motion to Reopen before the Board of Immigration Appeals ("BIA") is pending.

      The REAL ID Act purports to eliminate *habeas corpus* jurisdiction over challenges to final orders of removal, deportation, or exclusion. The REAL ID Act's purported elimination of *habeas corpus* review of final orders of removal, deportation, and exclusion is a monumental change in immigration law and a dramatic departure from the historical role of *habeas corpus* in reviewing the legality of executive detention and decisions. As the Supreme Court has stated "[t]he writ of *habeas corpus* has always been available to review the legality of executive decisions." INS v. St. Cyr, 533 U.S. 289, 364 - 65 (2001). Notwithstanding the language in amended 8 U.S.C. §1252(b)(9), Congress did not strip the habeas jurisdiction of this Court, and habeas corpus remains available, especially to individuals like the Petitioner who have no other avenue to stay his removal at this juncture. Id., Zadvydas v. Davis, 533 U.S. 678 (2001).

      The REAL ID Act further provides that the district courts must transfer pending *habeas corpus* petitions challenging final orders of removal, deportation, or exclusion (or part of the case challenging a final removal, deportation, or exclusion order) to the court of appeals in which a petition for review could have been filed. REAL ID §106(c). Thus, by its express terms, the REAL ID Act provides that transfer is <u>not</u> appropriate in certain cases (or parts of certain cases). In

addition, there may be other statutory and/or constitutional reasons why transfer is not appropriate in certain cases, and this is such a case. Where the Court to transfer this matter pursuant to the REAL ID Act, the Government would then argue that the Court is without jurisdiction to review the decision to deny the stay because it is a discretionary determination barred by 8 U.S.C. §1252(a)(2)(B). However, the decision to deny the stay is clearly arbitrary and an abuse of discretion, and fits squarely within the decision of the Second Circuit in Anderson v. McElroy, 953 F.2d 803 (2d Cir. 1992), as discussed below.

In contrast to what is stated in the Government's letter, the Petitioner is not challenging his removal order, either directly, or indirectly. The Petitioner is simply asking this Court to issue a stay of removal while the Plaintiff's Motion to Reopen is considered by the BIA, in accordance with its inherent powers under the Habeas Statute, 28 U.S.C. §2241. Our request is consistent with the Court's holding in Hope v. Immigration Service (BICE), 349 F.Supp.2d 490 (E.D.N.Y. 2004), which held that the Stay of Deportation issued by the Court would remain in effect until "(1) the BIA has ruled on Petitioner's motion to reopen his deportation proceedings; and (2) in the event that the Petitioner's motion is not granted by the BIA. Petitioner has had an opportunity to re-file [the petition for writ of habeas corpus] under §2241." Id. at 495. The order was rendered despite the fact that the Court denied the petition to the extent that it challenged the determinations of the Immigration Judge, affirmed on appeal by the BIA. Similar to the instant case, Hope filed a Motion to Reopen with the BIA based on ineffective assistance of counsel. This Court in Riera-Elena v. McElroy, 2005 WL 735967 (S.D.N.Y.), similarly found that despite their decision to postpone ruling on Riera's petition for habeas corpus pending a decision on Petitioner's motion to reopen before the BIA, that a stay of removal would remain in effect pending an outcome on the motion. Id. at *3.

Though the Anderson case was issued prior to enactment of the REAL ID Act and 8 U.S.C. §1252(g), it is instructive, and in our opinion still controlling, and in fact highlights the quandary that aliens find themselves in when attempting to reopen their case before the BIA, after a final order has issued. In Anderson, as here, the BIA denied Petitioners request for a Stay of Removal during the pendency of his Motion to Reopen. Anderson subsequently petitioned the U.S. District Court for the Southern District of New York for habeas corpus relief, arguing that the BIA abused its discretion by denying his motion to stay deportation pending a decision on his motion to reopen. Id. at 805. The District Court denied the petition, finding that the BIA did not abuse its discretion when it determined "that the equities in this case were not sufficient to warrant relief from deportation." Id. On appeal, the Court of Appeals for the Second Circuit found that the BIA had in fact abused its discretion in denying the stay pending a disposition of the motion to reopen. Specifically, they found that the BIA's conclusion in its denial of the stay that "there was little likelihood that the motion [to reopen] will be granted." Id. at 806. The Court recognized the fact, that as in the instant case, Anderson's motion would not be fully considered unless he was granted a stay, because once an alien is deported, any motion he or she has made is considered withdrawn. They further recognized that "when faced with cursory, summary or conclusory statements from the BIA, we cannot presume anything other than such an abuse of discretion, since the BIA's denial of relief can be affirmed only on the basis articulated in the decision. . . and we cannot assume that the BIA considered factors that it failed to mention in its decision. Id. at 806 citing Mattis v. INS, 774 F.2d 965, 967 (9th Cir. 1985). This Court in Marrero v. Board of Immigration Appeals, 1992 WL 245504 (S.D.N.Y.) in light of Anderson, granted a stay of deportation pending reconsideration, of the BIA

order denying the petitioner's motion for a stay.

In the instant case, we are not challenging a removal order, nor are we asking the Court to simply stay the execution of the final order, in violation of 8 U.S.C. § 1252(g). The instant case falls within what is described in Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999), as a matter outside of the exclusive jurisdiction provision of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), and falls within those "other decisions or actions that may be a part of the deportation process." Id. at 482. Here, and in contrast to the case law cited in the government's response, the Petitioner is in the midst of a pending motion to reopen, has already requested that the BIA stay his removal, and has denied a stay by the BIA. As in Anderson, this Court should issue a stay of removal pending a decision on the motion to reopen, because the BIA's denial of the stay, filed in conjunction with the motion, was "cursory, summary [and] conclusory." *See* Anderson, 953 F.2d at 806.

It should be noted, that the instant case warrants particular consideration, as Mr. Gjuraj is a upstanding member of U.S. society, who has never been convicted of a crime in the United States, and has been the victim of ineffective assistance of counsel. He has three children who only know the U.S. as their home. His motion to reopen presents new and material evidence which will never be considered by any Court, should this stay be denied and he be removed from the United States. If that happens, the motion to reopen will be considered withdrawn. Certainly, the BIA's denial of the stay was completely arbitrary. By failing to fully consider Mr. Gjuraj's motion for stay, and by denying his request to have his removal stayed pending a decision on his motion, the Respondents violated Petitioners right to due process, a violation of which is still reviewable under the habeas statute. As the Second Circuit recently held in Burger v. Ashcroft, 2007 WL 2331944, *2 (2d Cir. August 17, 2007), "to establish a violation of due process, an alien must show "that she was denied a full and fair opportunity to present her claims" or "that the IJ or the BIA otherwise deprived her of fundamental fairness." Here, the BIA's cursory denial of the emergency stay of removal is stay is a clear deprivation of the Petitioner's right to present his claims, and must be reviewed. To hold that this Court does not retain jurisdiction to stay such a removal would completely strip the Court of its power under the habeas statute, and was certainly not the intention of Congress in enacting the REAL ID Act and 8 U.S.C. §1252(g).

Based on the foregoing, it is respectfully requested that this court issue a stay of removal, pending a decision on Petitioner's Motion to Reopen before the BIA. This Court, as outlined above, clearly has jurisdiction to issue such a stay. Should the Court determine that it is without habeas jurisdiction to review this matter, we would request that the matter be transferred to the Court of Appeals for the Second Circuit and would request that the Court grant a stay of removal until such time as the Second Circuit Court of Appeals can rule on the Motion for a Stay of Removal.

Thank you for your time and consideration of this matter.

                                                    Very truly yours,

                                                    Michael P. DiRaimondo

cc: Shane Cargo, Esq.
    Tonin Gjuraj